336

### SHARP v KIMMELL, et

Ohio Appeals, 3rd Dist, Hardin Co.

No. 309.   Decided July 18, 1939

Dow Aiken, Bellefontaine, Elmer Welty, for appellant.

Hover & Smith, Bellefontaine, Stillings & Hanna, Kenton, for appellees.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the Common, Pleas Court of Hardin County, Ohio, entered on motion of the defendants-appellees for judgment on the pleadings consisting of the fifth amended petition of the appellant, the answer of the appellees thereto, and the reply of appellant to said answer.

The material allegations of the fifth amended petition in the case filed by the appellant, Job C. Sharp, insofar as they are essential to a determination of this appeal are in substance as follows:

That the defendant, the Mt. Victory State Bank, is a corporation organized and operating under the laws and the rules and regulations of the Banking Department of the State of Ohio; that defendant, Don A. King, is and was at the times of the commission of the wrongs hereinafter complained of, in the non-compliance with the duces tecum, the selected and acting cashier of said bank having the care, custody and control of the books and records thereof; and that the defendants, Louis J Shoots, Charles G. Kimmel, John Fraber and J. D. Longbrake, are, and were at all such times, directors of said bank and that the defendant, Don Jones, is, and was at all such times, the elected and acting constable of Hale Township in Hardin County, Ohio.

That on the 8th day of August, 1936, the plaintiff Job C. Sharp commenced an action in the Common Pleas Court of Logan County, Ohio, against Charles G. Kimmell and Orville G. Kear, which

cause is numbered 19507 therein, and entitled Job C. Sharp, plaintiff v Charles G. Kimmell and Orville G. Kear, defendants, in which he alleged that said defendants Kimmel and Kear had entered into a conspiracy to cheat and defraud said plaintiff in the sale to him of a block of stock in the Mt. Victory State Bank, one of the defendants herein, and did so defraud him in the sum, principal and interest, of $852 as of the date of the institution of said suit. That to enable them to accomplish their conspired fraudulent purpose the said Kimmel and Kear caused themselves to be elected as officers in said bank and then by their joint efforts so mismanaged the bank in themselves violating and permitting the known violation of the laws of the state, by its officers, agents and employees, that the assets of said bank were in such low condition that the Superintendent of Banks of the State of Ohio placed same on a restricted basis and that while the same was in such restricted basis, said defendants in said action No. 19507, unlawfully and wrongfully took from the said plaintiff his stock in said bank without any consideration whatsoever to his injury in the full sum of money so invested.

That said plaintiff to prove the issues on his part under the belief that the books and records of said bank contained evidence highly beneficial to him sought to make this evidence available for use in the trial of said cause and to this end made repeated demands for inspection, for inspection and copy and by subponaes duces tecum.

In continuation of such efforts to obtain the benefit of the evidence contained in the books and records of said bank the plaintiff in said Logan Common Pleas Court on the 23rd day of November, 1936, caused notice to be served on the said defendants in said action of his intention to take the deposition of the defendants and sundry witnesses on the 25th day of November, 1936, at ten o'clock A. M. at the office of L. A. Smith, justice of the peace, duly elected, qualified and acting for Hale Township, Hardin County, and on the same day caused subponae duces tecum to be issued by said Smith as such justice, to one Don Jones the acting constable for said Hale Township, instructing the said Jones to serve the same upon Don A. King, defendant herein, commanding the said King to attend at the taking of deposition before said Smith at the office of said Smith, in said Hale Township at the day and hour last aforesaid, and also commanded said witness to bring with him and exhibit before said justice at the time and place aforesaid, sundry books and files of the defendant bank of which he then and there was the cashier, that in said duces tecum no books or files were recited by name, but the plaintiff avers, that they were those giving the names of the officers of the bank from its founding; the names of the directors fixing the amounts of the bonds of the officers and those approving said bonds; the rules adopted to govern the officers in making investments; the negotiations leading up to the making and collecting of each questioned investment; the acts of the officials authorizing and approving the loan to Orville G. Kear and the purchase of the paper of the Wabash Railway Company, together with all the correspondence relative thereto, both letters and carbons; the checks, drafts or other evidence of transferring funds by which these and other questioned investments were made and by which they were redeemed; the amount of salvage made on each questioned investment and how same was applied in re-instating said bank.

That at some time between the said service of the notice to take depositions and the time for the taking thereof, to-wit, between November 23, 1936, at ten o'clock A. M. of the day fixed for the taking of said depositions, said defendants, other than the defendant Jones, entered into a conspiracy to cheat and defraud this plaintiff by preventing him from obtaining the inspection and the opportunity to use said books and files in the trial of his action and in the proving of his allegations in his

petition filed in said cause number 19507 in which he sought to recover his damages aforesaid against two of their number, Kimmell and Kear, defendants as aforesaid.

That in pursuance of their said unlawful conspiracy the said conspirators agreed, that while the said King as such witness would attend the hearing he would refuse to bring or produce before the said Smith as such justice, any books or files of said bank and so asked to be produced by said duces tecum. And in so doing would aid their fellow-conspirators, Kimmell and Kear, in their resistence against plaintiff's endeavor to recover the money sought to be recovered in said cause number 19507.

That at the time set for the taking of depositions King appeared, notifying the justice that he brought no books and files; that at the time set for the depositions there was a continuance granted until the 3rd day of December, with the understanding on the part of the plaintiff that the witness would produce such books and files; that on the 3rd day of December, 1936, the defendant King also refused to bring said books and files and that on said date a further adjournment was had until December 14, to which adjournment the plaintiff was content upon the understanding on his part that the witness comply with the order of the subponae; that again on December 14 the witness appeared but refused to bring the said books and files; that the justice at said time found King guilty of contempt and ordered him placed in the hands of the defendant Jones, constable, for commitment; that a further continuance was had until the next day; and that on this day a further hearing was had on the contempt; that again at this hearing the defendant refused to bring said books and files, basing his refusal upon an order of the board of directors of said bank; that a further continuance was then granted until December 14, when the witness still refused; that again there was an order of the justice, placing said King in the hands of the

defendant Jones as such constable, and that thereupon there was a further continuation until said King could have his counsel present the validity of the finding and order. That said hearing was again adjourned and a day or so later the justice of the peace renewed his finding of contempt and order of commitment, and placed said King in the hands of the defendant Jones for incarceration in the Hardin county jail, until he should so purge himself of such contempt.

That before said Jones could execute his said writ, a number of said conspirators influenced and persuaded him by threats and promises of immunity and reward not to place him in said jail, and that said Jones did not place said King in jail.

That plaintiff was obliged to have his counsel on the alert in case the validity of said commitment should be tested.

To this fifth amended petition the defendants filed their joint answer. For their first ground of defense they admit the existence of the Sharp action in the Common Pleas Court of Logan County against Charles G. Kimmell and Orville G. Kear, Number 19507, and admit that King was cashier as alleged. The defendants deny each and every other allegation in the fifth amended petition contained except the allegations specifically admitted to be true.

For a second defense the defendants set up the fact that on October 23, 1936, in said cause number 19507 in Logan County, the plaintiff Sharp filed a certain application for an order permitting inspection and copy or permission to take copy of the files and records of the said Mt. Vickery Bank. The application and motion are copied in the answer. This motion was pending during all the time the alleged deposition was sought to be taken.

It is further alleged in said answer that this motion was not fully determined until February 6, 1937, which was after the proceedings for the taking of depositions.

For his reply to this answer the plaintiff avers that the motion set up in the second defense of the answer

had been determined by the Common Pleas Court of Logan County, Ohio, prior to February 6, 1937, but that the entry had been delayed until that time.

Following the filing of this reply defendants severally filed their respective motions for judgment on the pleadings, and on consideration thereof the Common Pleas Court found that said motions and each of them were well taken and should be sustained and that the fifth amended petition of the plaintiff and his cause should be and the same was dismissed, and it is from this judgment that this appeal is taken.

It will be noted that only two of the defendants in this action, to-wit, Orville G. Kear and Charles G. Kimmell, were defendants in cause number 19507 in the Common Pleas Court of Logan County, Ohio, and it will be particularly noted that the Mt. Victory State Bank, defendant in this action, was not a defendant in said action in Logan County.

It will also be noted that the petition alleges all facts essential to state a cause of action against each of the defendants unless the facts alleged with reference to the subponae duces tecum show that said subponae duces tecum was void.

The questions raised by the motion for judgment on the pleadings were, therefore, first, whether upon the facts alleged in the fifth amended petition the command as to the production of the books and files of the subponae duces tecum was void; and, second, whether the pendency of the motion for inspection, in cause number 19507 in the Common Pleas Court of Logan County constituted a legal excuse for the defendants for the failure to produce the books and files called for in said subponae.

To determine the first question it is necessary to consider the statutory and constitutional provisions applicable thereto.

The statutory provision under which said subponae duces tecum was issued, is §11503, GC, which reads as follows:

"A subponae shall be directed to a person named therein and require him to attend at a specific time and place to testify as a witness; it also may direct the person it names, to bring with him any book, writing, or other thing under his control, which he may be compelled to produce as evidence."

In the case of Schoepf, ex parte, 74 Oh St 1, it was held that the last clause of the above section must be construed with §11551, GC, and is limited to evidence pertinent to issue. §11551 reads as follows:

"Upon motion, and reasonable notice thereof, the court, in which an action is pending, may order the parties to produce books and writings in their possession or power which contain evidence pertinent to the issue, in cases and under circumstances where they might heretofore have been compelled to produce them by the ordinary rules of chancery. If the plaintiff fails to comply with such order, on motion, the court may give judgment for defendant as in case of non-suit; if a defendant fails to comply with such order, on motion, the court may give judgment against him by default."

The constitutional provision applicable is §14, Art. I of the Constitution of Ohio, which reads as follows:

"The right of the people to be secure in their persons, houses, papers and possessions, against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized."

Reading the sections mentioned, in connection with said constitutional provision it is clear that it is the intent of the law, that under a subponae duces tecum the person subponaed is required to bring with him only such books and files under his control, as are particularly described and constitute

evidence pertinent to an issue in the cause in which such subponae is issued, and that a subponae duces tecum purporting to require the person subponaed to bring with him books and files under his control, without particularly describing such books ·and files, is wholly void. Carden, et, appellants v Ensminger, Executor, appellees, 329 Ill. 612; 161 N. E. 137; 58 A. L. R. 1256, and note at page 1264.

In the. petition herein it is alleged that in said subponae duces tecum no books or files were recited by name, and from the context it is apparent that no books or files were designated by description. The books ·and files not being particularly described in the subponae duces tecum the command thereof requiring the production of books and files was ·void, and being void· the commitment of the witness King for failure to comply with such order was also void; and the various alleged acts of the other parties defendant in this action in securing non-compliance with said subponae and non-compliance with said order of commitment were not illegal and gave the plaintiff no right of action against them. The petition therefore. did ·not state a cause of action against any of the defendants, and the motion for judgment on the pleadings was properly sustained by the Common Pleas Court.

We do not consider the decision in the case of Ex parte Bevan in point on the question involved in ·this case. In the Bevan case the corporation whose books and files were called for in the subponae duces tecum was a party to the action, and was charged with aiding and abetting the individual defendants in their alleged ·wrongful· and fraudulent conspiracy to wrongfully acquire control of the corporation and manipulate and exploit it for their own interests, and to acquire for a grossly inadequate price the stock formerly held by plaintiff's deceased husband and then by his estate, and in furtherance thereof taking· advantage of the control of the corporation, to misrepresent the financial condition, business and. prospects of the corporation, and to communicate said misrepresentations to the executor of plaintiff's husband's estate, and to all prospective purchasers of stock, thereby obtaining . the stock of said estate at a grossly inadequate price.

From the allegations of the petition the·range of testimony was necessarily large and were sufficient to authorize an inspection of all records, documents and correspondence of the corporation from the· time plaintiff's husband became connected with the corporation.

The statement of ·facts relating to the command of the subponae duces tecum is very meager but it appears from subdivision five of the syllabus of the case that the subponae duces tecum involved commanded the production of the entire correspondence file, records and documents of the defendant corporation for many years back which shows that the subponaes contained a particular description of the· files, records and documents commanded to· be produced.

This case goes no further than holding that where a corporation is a party defendant to an action charging fraudulent conduct on the part of its officers causing a loss to a plaintiff interested in its stock, the issues in· which are so broad as to be sufficient to authorize an inspection of all the records, documents and correspondence of the corporation for a long period of years, and subponaes duces tecum are properly issued ·for and to the officers of said corporation having such papers under their control, commanding the production of the entire correspondence file, records and documents of defendant corporation for many years back, the command of such subponaes duces tecum is not ·unreasonable within the meaning of §14, Art. I, Constitution of Ohio and the same are not therefore invalid.

The facts in the instant case differ from the facts in the case last mentioned in the following particulars: The corporation whose books and files were

341

commanded to be produced was not·a party to the action and therefore not amenable to an order' for inspection in the action; it was not ▉ charged with aiding or abetting the conspiracy, and the fraud charged was that of the individual defendants acting solely in their individual capacity. From the allegations of the·petition the range of testimony was necessarily small, involving only a small part of the transaction reflected by the books and files of the corporation and the books and files commanded to be produced were not particularly described.

The pendency of the motion with respect to the books and files of the bank, in Cause No. 19507 in the Common Pleas Court of Logan County, Ohio, did not preclude the plaintiff in said action from resorting to ▉ a subponae duces tecum to require the production of such books and files, so that the second defense to 'said action is without merit.

For the reasons hereinbefore mentioned, the judgment of the Court of Common Pleas will be affirmed.

CROW, PJ., GUERNSEY & KLINGER, JJ., concur.